**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR REYES, Jr., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> K. MARINO, 17930; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> CITY OF GLENDALE POLICE DEPARTMENT; et al., <br><br> Defendants. | No. 19-17341 <br><br> D.C. No. 2:19-cv-01440-JJT-JFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Victor Reyes, Jr. appeals pro se from the district court's judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Reyes's action because Reyes failed to allege facts sufficient to state a plausible federal claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Hudson v. Palmer*, 468 U.S. 517, 533, 535 (1984) (deprivation of property does not violate due process if a meaningful post-deprivation remedy is available, which includes state law remedies); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006) (when analyzing a Fourth Amendment excessive force claim, the "initial inquiry is whether the officers' actions [were] objectively reasonable in light of the facts and circumstances confronting them" (alteration in original, citation and internal quotation marks omitted)); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (to prevail on a false arrest claim, the plaintiff must show there was no probable cause to arrest him; where a determination that there was no probable cause would "necessarily imply" the invalidity of the plaintiff's conviction, a false arrest claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (internal quotation marks omitted)).

19-17341

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Reyes's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline supplemental jurisdiction over related state law claims once it has dismissed all claims over which it has original jurisdiction).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**